UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT SHANNON,

    Plaintiff,                                       Case No. 16-cv-10179

vs.                                                HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER
(1) ADOPTING THE RECOMMENDATION CONTAINED IN THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION DATED OCTOBER 13, 2017 (Dkt. 31),
(2) GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT
(Dkt. 30), AND (3) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
OR IN THE ALTERNATIVE FOR REMAND (Dkt. 27)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Mona K. Majzoub, issued on October 13, 2017 (Dkt. 31). In the R&R, the Magistrate Judge recommends that this Court grant the Commissioner of Social Security's motion for summary judgment (Dkt. 30), and deny Plaintiff Robert Shannon's motion for summary judgment or in the alternative for remand (Dkt. 27).

The parties have not filed objections to the R&R, and the time to do so has expired. See Fed. R. Civ. P. 72(b)(2). The failure to file a timely objection to an R&R constitutes a waiver of the right to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Smith v. Detroit Fed'n of Teachers, 829 F.2d 1370, 1373-4 (6th Cir. 1987) (failure to file objection

to R&R "waived subsequent review of the matter"); Cephas v. Nash, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); Lardie v. Birkett, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). There is some authority that a district court is required to review the R&R for clear error, see Fed. R. Civ. P. 72 Advisory Committee Note Subdivision (b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Therefore, the Court has reviewed the R&R for clear error. On the face of the record, the Court finds no clear error and adopts the recommendation. Accordingly, the Court grants the Commissioner's motion for summary judgment and denies Plaintiff's motion for summary judgment or in the alternative for remand.

SO ORDERED.

Dated: December 18, 2017           s/Mark A. Goldsmith
Detroit, Michigan                  MARK A. GOLDSMITH
                                   United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 18, 2017.

                                   s/Karri Sandusky
                                   Case Manager